IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BERT RANDALL,

    Petitioner,

vs.

AMADOR COUNTY SUPERIOR COURT,

    Respondent.

No. CIV S-09-0677 DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

    Petitioner, currently released on his own recognizance, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On March 12, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus challenging his probation revocation. On July 7, 2005, petitioner had entered a plea, pursuant to a plea agreement, of guilty to one count of driving a vehicle with a blood alcohol level greater than .08 percent and causing an injury in violation of the state vehicle code. Petitioner also admitted to the alleged enhancement that he personally caused great bodily injury to the victim, S.H., in violation of the state penal code. At sentencing, the trial court heard from the victim. Then, consistent with the plea agreement, the trial court sentenced petitioner to five years of probation and a year in the county jail as a condition thereof. (Pet. Attach.)

On June 6, 2006, a petition to revoke petitioner's probation was filed, alleging public intoxication and battery. After a contested hearing, the trial court found petitioner had violated his probation. At a subsequent sentencing hearing, the trial court heard from S.H. again. At the conclusion of that hearing, the trial court revoked petitioner's probation and sentenced him to a term of five years in state prison. On September 18, 2007, the California Court of Appeal affirmed petitioner's conviction in all relevant respects. On January 3, 2008, the California Supreme Court granted review, but on February 11, 2009, it dismissed the case in light of the passage of Proposition 9.[1] (Pet. at 7 & Attach.)

---

[1] On July 10, 2008, the Amador County Superior Court released petitioner on his own recognizance pending an appeal with the California Supreme Court. According to the order, petitioner is required to surrender himself to the court within five days of the California Supreme Court's decision or whenever the court tells him to do so. Petitioner's address of record in this action appears to be a residence in Sutter Creek, California. In an abundance of caution, the court advises petitioner to review the Amador County Superior Court order and comply with it to the extent that he has not done so to date.

2

In the instant petition, petitioner claims that the trial court erred when it allowed S.H. to address the court at his probation revocation sentencing hearing. According to petitioner, California Penal Code § 1191.1 grants the victim of a crime the right to attend and speak at sentencing proceedings but does not allow the victim to testify "serially" at all of petitioner's hearings. Petitioner also claims that, even if § 1191.1 does allow a crime victim to speak at more than one sentencing hearing, S.H. was not the victim of the incident that resulted in petitioner's probation revocation. In petitioner's view, what S.H. had to say at his probation revocation sentencing hearing was immaterial with respect to what the court was required to consider when imposing sentence. Petitioner contends that the relevant issue at a probation revocation hearing is whether the petitioner violated the terms of his probation. (Pet. Attach.)

**ANALYSIS**

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that a writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). Here, petitioner's claims challenge the trial court's interpretation and application of California Penal Code § 1191.1. However, habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972). A federal writ is not available for an alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085; see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993) (issues involving state sentencing error are not cognizable on federal habeas review).

/////

Moreover, to the extent that any of petitioner's claims can be construed as challenging his sentence as a violation of the Eighth Amendment Cruel and Unusual Punishment Clause, petitioner has failed to exhaust his claims. Petitioner is advised that the exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). Petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

After reviewing the petition for habeas corpus in this case, including petitioner's briefing to the California Supreme Court, the court finds that petitioner has failed to exhaust any federal constitutional claims. The only claims petitioner presented to the California Supreme Court were related to the interpretation and application of California Penal Code § 1191.1. Further, petitioner has not alleged that state court remedies are no longer available to him.

Accordingly, for the reasons discussed above, petitioner is not entitled to federal habeas corpus relief, and this action should be dismissed.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's March 12, 2009 application to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's March 13, 2009 motion for appointment of counsel (Doc. No. 4) is denied as moot; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

/////

/////

4

IT IS HEREBY RECOMMENDED that:

1. Petitioner's March 12, 2009 application for writ of habeas corpus (Doc. No. 1) be dismissed; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rand0677.156